UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Payne,<br>a/k/a Robert Harvie Payne,<br><br>                Plaintiff,<br><br>vs.<br><br>Director, Charleston Veterans Administration Hospital;<br>Meredith Miller; Charleston VAMC; Rodney Davis;<br>Solicitor; Public Defender; Charleston County;<br>Bayview Acres Civic Club;<br>Preliminary Hearing Clerk of Court,<br><br>                Defendants. | C/A No. 2:11-1769-DCN-KFM<br><br>**Report and Recommendation** |

This is a civil action filed *pro se* by a local detention center inmate.[1] Plaintiff is currently confined at the Charleston County Detention Center, pending trial on undisclosed criminal charges. In the complaint submitted in this case, Plaintiff complains that he was not allowed to participate in a pretrial diversion program offered by the Veteran's Administration, where he believes he would be able to resume medical treatment for prostate cancer. As Plaintiff has failed to state a claim for relief under 42 U.S.C. § 1983, the complaint is subject to summary dismissal.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007).

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) DSC, this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

The complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B), as Plaintiff has failed to state a claim for relief under § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271(1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff complains that he has not been allowed to participate in a pretrial diversion program (the "VA Criminal Justice Diversion Program") apparently run by the Veteran's Administration and asks this court to order his "transfer" to that program. ECF No. 1 at 3-4. He believes that if he were to enter this program, "he could resume medical treatment for his various medical conditions including prostate cancer." *Id.* However, "[a]

defendant has no right to be placed in pretrial diversion." *United States v. Richardson*, 856 F.2d 644, 647 (4th Cir. 1988)(internal citations omitted). Though decisions regarding candidates for pretrial diversion may not be made for discriminatory reasons (which is not alleged in the instant complaint), prosecutors are otherwise given broad discretion in these in the decision of whom to prosecute. *Id.* (citing *Waite v. United States*, 470 U.S. 598, 607-8 (1985)).

Plaintiff alleges that he would have been able to participate in the diversion program had he not been given excessive bail following his preliminary hearing. ECF No. 6 at 4 (also filed as an attachment to the complaint at ECF No. 1). To the extent that Plaintiff seeks injunctive relief such as an order for a different amount of bail or transfer to another program, this case is barred by the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny. *Younger* and other cases hold that, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See, e.g., Younger*, 401 U.S. at 44; *Harkrader v. Wadley*, 172 U.S. 148, 169-70 (1898); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). No extraordinary circumstances are shown under Plaintiff's allegations.

Plaintiff further complains that his court-appointed attorney, Defendant Rodney Davis, failed to adequately represent him, partly in that he failed to obtain the VA services Plaintiff demands, and Plaintiff was assigned an excessive amount of bail. However, an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16

(1981)(public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980)(court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976)(private attorney).

Concerning the excessive bail issue, Plaintiff further complains that Defendant Davis and Defendants Meredith Miller, Bayview Acres Civic Club, and the Clerk of Court conspired to have only adverse witnesses present at his preliminary hearing, preventing him from bonding out of jail and entering the VA's diversion program. ECF No.6 at 4. Plaintiff alleges no facts supporting this alleged "conspiracy" that the court could use to evaluate the bald assertion. While *pro se* complaints are liberally construed, to state a claim for relief a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A pleading that offers no more than a conclusion does not state a claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* at 1949 (quoting *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A bald assertion of conspiracy is thus inadequate to state a claim of wrongdoing against Defendants.

Furthermore, Plaintiff's allegations under the Freedom of Information Act (FOIA) do not state a claim. This Act requires that agencies "shall make available for public inspection and copying" various records pertaining to the agency. 5 U.S.C. § 552(a)(2). It does not require defendants to provide plaintiff with a copy of the FOIA,

4

which is part of the relief he seeks. ECF No. 1 at 4.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in this case without prejudice.

**Plaintiff's attention is directed to the important notice on the next page**.

s/ Kevin F. McDonald
United States Magistrate Judge

August 17, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).